Joy C. Rosenquist, Bar No. 214926
jrosenquist@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Facsimile: 916.561.0828

Attorneys for Defendant
BAKERSFIELD REHABILITATION HOSPITAL, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES SIMMIEN,<br><br>Plaintiff,<br><br>v.<br><br>BAKERSFIELD REHABILITATION HOSPITAL, LLC, a corporation; ERNEST HEALTH, INC., a corporation; ERNEST HEALTH ES, LLC dba CENTRAL CALIFORNIA REHABILITATION HOSPITAL, a corporation; JAKE SOCHA, an individual; LORI AMBROSE, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>*Removed from Kern Superior Court Case No. BCV25103465*<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. §§ 1332, 1441, AND 1446]**<br><br>Trial Date: Not Yet Set<br>Complaint Filed: September 22, 2025 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF MICHAEL JAMES SIMMIEN, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant BAKERSFIELD REHABILITATION HOSPITAL, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court for the State of California, County of Kern, to the United States District Court for the Eastern District of California. This removal is brought pursuant to 28 U.S.C. §§ 1441 and 1446. Removal is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. § 1332(a).

**STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

**VENUE**

2. This action was filed in the Superior Court for the State of California, Kern County. Venue properly lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 84(b), 1391, and 1441(a).

**PLEADINGS, PROCESS, AND ORDERS**

3. On or about September 22, 2025, MICHAEL JAMES SIMMIEN ("Plaintiff") filed a complaint with a jury demand in the Superior Court for the State of California, Kern County, entitled *Michael James Simmien v. Bakersfield Rehabilitation Hospital, a Limited Liability Company, Ernest Health Inc., Ernest Health ES, LLC dba Central California Rehabilitation Hospital, Jake Socha, an individual, Lori Ambrose, an individual, and DOES 1 through 25,* inclusive, Case No. BCV-25-103465 (the "Complaint" or "Compl."), asserting causes of action for: (1) Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage in Interactive Process; (4) Retaliation under FEHA; (5) Hostile Work Environment; (6) Retaliation under CFRA; (7) Intentional Infliction of Emotional Distress; (8)

Negligent Infliction of Emotional Distress; and (9) Wrongful Termination in Violation of Public Policy. *See* Declaration of Joy C. Rosenquist ("Rosenquist Decl."), ¶ 3; Exhibit B. The Complaint seeks a range of damages, including but not limited to lost wages and emotional distress damages; punitive damages; and attorneys' fees. *See* Exhibit B, ¶¶ 19-21, Prayer for Relief, ¶¶ 1-8.

4. On October 30, 2025, Plaintiff served on Defendant a Summons, Complaint, Notice of Case Assignment, Civil Case Cover Sheet and Alternative Dispute Resolution packet. See Rosenquist Decl., ¶ 2; Exhibits A-B. The Notice of Service of Process reflects that personal service on Defendant was accomplished on this date. Rosenquist Decl., ¶ 3; Exhibit A.

5. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in or issued from the Superior Court of California, Kern County, or served by any party other than as described above. Rosenquist Decl., ¶¶ 3-4. The Attachment of Exhibits "A" and "B" satisfies the requirements of 28 U.S.C. § 1446(a).

## INDIVIDUAL & DOE DEFENDANTS

6. Defendant is informed and believe that none of the Doe defendants in this case have been identified or served. As such, they need not join or consent in this Notice of Removal and are to be disregarded for the purpose of removal. 28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

## TIMELINESS OF REMOVAL

7. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (the 30-day removal period runs from the service of the summons and complaint; informal receipt of summons and complaint is insufficient to trigger removal period). On October 30, 2025, the Summons and Complaint were served on Defendant. As Defendant filed this Notice of Removal within 30 days of service of the Summons and Complaint, this Notice of Removal is timely as a matter of law.

## DIVERSITY JURISDICTION

8. Any civil action commenced in state court is removable if it could have been brought originally in federal court. *See* 28 USC § 1441(a). In order to remove a case to federal court on diversity

3.
NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e.*, Plaintiff and Defendant must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

9. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and the fact that the amount in controversy exceeds $75,000 exclusive of interests and costs, as set forth below.

**A.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

***1.     Plaintiff is a Citizen of the State of California.***

10. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence is prima facie evidence of domicile. *Marroquin v. Wells Fargo, LLC,* 2011 U.S. Dist. LEXIS 10510, **3-4 (S.D. Cal. Feb. 3, 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

11. At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California.  Plaintiff alleges that "Plaintiff…at all times material hereto was an individual residing in the State of California."  Ex. B, ¶ 3.  Thus, Plaintiff, by his own admission, is a citizen of the State of California.

***2.     Defendant Is Not A Citizen of the State of California.***

12. For purposes of Section 1332, a limited liability company's citizenship is determined by the citizenship of each member or owner of the company. *See, e.g., Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Further, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See* 28

U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010), "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." This is often referred to as the corporation's "nerve center," which will typically be found at its corporate headquarters. *Id*. at 80-81.

13. Defendant is a limited liability company existing under the laws of the State of Delaware. *See* Declaration of John Greenleaf ("Greenleaf Decl."), ¶ 2. Its sole member (*i.e.*, owner) is Ernest Health Holdings, LLC. *Id*. Earnest Health Holdings, LLC's sole member is Epoch Acquisition, Inc. *Id*. Epoch Acquisition, Inc. is a corporation that incorporated in the State of Delaware, and has its principal place of business (*i.e.*, its corporate headquarters, including primary executive, administrative, financial, and management functions) in New York. *Id*.

14. Thus, Defendant is a citizen of Delaware and New York for purposes of 28 U.S.C. § 1332, not California. Based on the foregoing, diversity is established between Plaintiff and Defendant because Plaintiff and Defendant are citizens of different states.

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS.**

15. Defendant need only show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the United States Supreme Court has held that under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 84, 87. Defendant need only plausibly allege that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*. ("[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent

from the complaint that the jurisdictional amount is in controversy.") (Internal citations and quotations omitted).

16. The Complaint does not specify the amount that Plaintiff seeks to recover from Defendant in this action but seeks a variety of damages, including but not limited to: compensatory damages, including general damages, special damages, and lost earnings; punitive damages; and attorneys' fees. *See* Exhibit B, ¶¶ 19-21; Prayer for Relief, ¶¶ 1-8. Further, Plaintiff filed this lawsuit as an unlimited civil case with an amount demanded exceeding $35,000. *See* Exhibit B (Civil Case Cover Sheet). Therefore, at a minimum, Plaintiff admits the damages sought exceed $35,000.

17. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount the Complaint puts "in controversy," and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the complaint).

18. Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, the amount in controversy as alleged by Plaintiff exceeds the sum of $75,000 exclusive of interest and costs.

### *1.*    *Lost Earnings*

19. Plaintiff seeks recovery of economic losses, alleging that as a result of Defendant's conduct he sustained compensatory damages including lost wages and benefits, and that he is entitled to **$250,000**. *See* Ex. B, ¶ 19, Prayer for Relief ¶ 2. Per the Complaint, Plaintiff was formerly employed by Defendant as a Respiratory Services Manager. *See* Ex. B, ¶ 24. Although Defendant denies Plaintiff is entitled to recover any damages, if Plaintiff were to recover back wages from his termination date, he could potentially recover the alleged amount of $250,000. If Plaintiff remains unemployed through trial, which would likely be completed no sooner than on year from today, and likely far later, Plaintiff could recover

1  additional, future earnings, in excess of the $250,000 already claimed. *See Chavez v. JP Morgan Chase
2  & Co.,* 888 F.3d 413, 417 (9th Cir. 2018) (future wages are at stake in litigation if "plaintiff claims at time
3  of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those
4  future wages" should she prevail); *see also Stainbrook v. Target Corp.*, 2016 WL 3248665, at *4 (C.D.
5  Cal. June 8, 2016) (calculating plaintiff's lost wages from time of termination through time of trial, using
6  a "hypothetical trial date" one year after removal); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543,
7  at *2 n.1 (E.D. Cal. June 1, 2007) (affirming that the court should consider both past and future lost wages
8  after the time of removal).

### 2. *Emotional Distress Damages*

10  20.  The potential for emotional distress damages is also properly considered in the amount in
11  controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Plata v. Target Corp.*, 2016
12  WL 6237798, at *3 (C.D. Cal. Oct. 25, 2016) ("Emotional distress damages are properly considered in
13  the amount in controversy for jurisdiction purposes."). Here, Plaintiff seeks recovery of emotional distress
14  damages, alleging that as a result of Defendant's conduct, he has suffered and continues to suffer
15  emotional distress, which entitles him to **$2,000,000**. Ex. B, ¶20.

16  21.  Defendant denies that Plaintiff is entitled to any emotional distress damages in this case.
17  However, emotional distress awards in cases for violation of California Labor Code § 1102.5 are "sound
18  and supported by law." *Cordell v. PICC Lines Plus LLC*, 2016 WL 4702654, at *12 (N.D. Cal. Sept. 8,
19  2016) ("Emotional distress damages are recoverable for violations of Labor Code section 1102.5(b).").
20  Emotional distress awards are also appropriate for wrongful termination in violation of public policy. *See*
21  *Rodriguez v. Home Depot, U.S.A. Inc.*, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (The amount
22  in controversy may include emotional distress damages for claim of wrongful termination in violation of
23  public policy). Such emotional distress damages couple with other damages to meet the $75,000 threshold
24  needed for diversity jurisdiction. *See Pool v. Ameripark, LLC*, 2020 WL 9048837, at *3 (S.D. Cal. Mar.
25  20, 2020) (plaintiff seeking damages for, among other claims, rest break violations and constructive
26  termination "could very likely recovery more than $75,000 … in the form of compensatory damages and
27  emotional distress, and perhaps most significantly punitive damages"); *see also Arellano v. Wal-Mart*
28  *Stores, Inc.*, 2017 WL 4083144, at *3 (C.D. Cal. Sept. 14, 2017) (defendant established amount in

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

controversy exceeds $75,000 for claims including those for wrongful termination, violations of California Labor Codes, lost wages, and emotional distress). Here, Plaintiff asserts he is entitled to **$2,000,000** for emotional distress. Ex. B, ¶ 20, Prayer for Relief, ¶ 1.

### 3. Punitive Damages

22. Punitive damages are also properly included in the amount in controversy. *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Plata*, 2016 WL 6237798, at *3. Here, Plaintiff seeks punitive damages based on conduct allegedly carried out by Defendant's "managers, officers, and agents," … "consciously and willfully" ignored "policies and procedures" to prevent retaliation and this conduct "was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by [] Defendant to Plaintiff." Ex. B, ¶ 39, Prayer for Relief, ¶ 6.

23. Defendant denies that Plaintiff is entitled to any punitive damages in this case. However, punitive damage awards in discrimination cases may be significant. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994); *see also Stainbrook v. Target Corp*., 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016) (punitive and emotional distress damages alone could exceed $75,000 because punitive damages are often calculated as a multiplier of compensatory damages). Awards of four times the amount of compensatory damages have been found to comport with due process and, absent other factors, are otherwise affirmed. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 424-25 (2003).

24. Here, Plaintiff asserts he is entitled to $3,000,000 for punitive damages. Ex. B, ¶ 21, Prayer for Relief, ¶ 3.

### 4. Attorneys' Fees

25. Attorneys' fees are also to be included in the amount in controversy calculation for purposes of determining whether the requisite jurisdictional minimum is met. *See Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785, 794 (9th Cir. 2018) (because plaintiff entitled to "attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation and must be included in the

amount in controversy"); *Kroske*, 432 F.3d at 980; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Here, Plaintiff seeks recovery of attorneys' fees, which are available to a prevailing plaintiff under the California Fair Employment and Housing Act. *See* Ex. B, Prayer for Relief, ¶ 5; Cal. Govt. Code Section 12965(b).

26. Defendant denies that Plaintiff is entitled to any attorneys' fees in this case. However, attorneys' fees in FEHA cases may be significant. Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch* at 794 ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"). Further, "[r]ecent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in an employment discrimination case alleging wrongful termination may reasonably be expected to equal at least $30,000 (100 hours X $300 per hours). *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015). Attorneys' fees much larger than that are regularly upheld in employment cases. *See, e.g., Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming award of $724,380 in attorneys' fees in employment discrimination case).

27. Using the conservative estimate of attorneys' fees from *Sasso*, potential attorneys' fees in this case add at least **$30,000** to the amount in controversy.

### 5. Summary of Amount in Controversy

28. Defendant wholly denies that Plaintiff is entitled to any damages in this case. However, when the relief sought by Plaintiff in his Complaint is taken as a whole, the amount in controversy, even using very conservative estimates, for Plaintiff's claims certainly exceed the $75,000.00 jurisdiction requirement, exclusive of interest and costs:

| Lost earnings | $250,000 |
|---|---|
| Emotional distress | $2,000,000 |
| Punitive damages | $3,000,000 |

| | |
|---|---|
| Attorneys' Fees | $30,000 |
| **Total Amount in Controversy** | **$ 5,280,000** |

## NOTICE TO PLAINTIFF AND STATE COURT

29.  Immediately following the filing of this Notice of Removal in the United States District Court for the Eastern District of California, Defendant will arrange for notice of such filing to be given by the undersigned to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the Kern County Superior Court. *See* Rosenquist Decl., ¶ 5.

## CONCLUSION

WHEREFORE, Defendant prays that the above-referenced action now pending against them in the Superior Court of California, Kern County, be removed therefrom to this Court.

Dated:  December 1, 2025

LITTLER MENDELSON, P.C.

*/s/ Joy C. Rosenquist*
JOY C. ROSENQUIST
Attorneys for Defendant
BAKERSFIELD REHABILITATION HOSPITAL, LLC

4901-8630-5659 / 062445.1090