Mohamed Eldessouky, Esq., State Bar No. 289955
mohamed@eldessoukylaw.com
AnaKaren Jimenez, Esq., State Bar No. 345420
ana@eldessoukylaw.com
**ELDESSOUKY LAW, APC**
500 S. Grand Ave., Suite 1500
Los Angeles, CA 90071
Telephone: (213) 788-7887
Facsimile: (213) 788-1920

Attorneys for Plaintiff
**MICHAEL JAMES SIMMIEN**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES SIMMIEN<br><br>          Plaintiff,<br><br>v.<br><br>BAKERSFIELD REHABILITATION HOSPITAL, LLC, a corporation; ERNEST HEALTH INC., a corporation; ERNEST HEALTH ES, LLC dba CENTRAL CALIFORNIA REHABILITATION HOSPITAL, a corporation; JAKE SOCHA, an individual; LORI AMBROSE, an individual; and DOES 1 through 25, inclusive,<br>          Defendant. | CASE NO.: 1:25-cv-01701-JLT-CDB<br><br>*District Judge: Hon. Jennifer L. Thurston*<br>*Magistrate Judge: Hon. Christopher D. Baker*<br><br>**PLAINTIFF MICHAEL JAMES SIMMIEN'S NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; AND REQUEST FOR ATTORNEY'S FEES IN THE AMOUNT OF $4,050.00**<br><br>Date:          February 12, 2026<br>Time:          9:00 A.M.<br>Courtroom:     4, 7th floor<br><br>Complaint Filed: September 22, 2025<br>Removal Filed:   December 1, 2025<br>Trial Date:        Not Set |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 12, 2026 at 9:00 a.m. or as soon thereafter as the matter may be heard, before the Honorable Jennifer L. Thurston, in  Courtroom 4 of this Court, located at 2500 Tulare Street, Fresno, CA 93721, Plaintiff MICHAEL JAMES SIMMIEN will move for an order remanding his case to the Kern County Superior Court, from which it was improperly removed.

**ELDESSOUKY LAW, APC**
**Phone: (213) 788-7887 | Fax: (213) 788-1920**

This motion is based upon the fact that BAKERSFIELD REHABILITATION HOSPITAL, LLC ("BRH" or "Defendant"), the sole removing defendant, has failed to establish complete diversity of citizenship given two named defendants Jacke Socha and Lori Ambrose are California residents. In addition, BRH has failed to proffer the requisite clear and convincing evidence that Plaintiff's claims of harassment, intentional infliction of emotional distress, and negligent information of emotional distress against Jake Socha and Lori Ambrose fanciful and that under no circumstances could Plaintiff re-plead these claims against them. In light of the fact that Plaintiff met and conferred in advance of this motion, advising BRH of its improper removal to federal court, yet BRH refused to stipulate to remand the case back to state court, and in view of the fact that BRH's notice of removal ignores allegations supporting valid claims against California residents, Plaintiff seeks reimbursement of the attorney's fees incurred as a result of BRH's removal.

This motion is based upon this Notice, the attached memorandum of points and authorities, and the declarations of AnaKaren Jimenez and attached exhibits, all of which are filed herewith.

Dated: November 14, 2024                   **ELDESSOUKY LAW, APC**


By: /s/ AnaKaren Jimenez
        Mohamed Eldessouky
        AnaKaren Jimenez
        Attorneys for Plaintiff
        **MICHAEL JAMES SIMMIEN**

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page(s)</u>

I.      INTRODUCTION ................................................................................................. 1

II.     STATEMENT OF RELEVANT FACTS ............................................................. 2

III.    PROCEDURAL HISTORY ................................................................................. 4

        A.      Meet and Confer Efforts ......................................................................... 4

IV.     ARGUMENT ....................................................................................................... 6

        A. BRH Must Overcome A "Strong Presumption" Against Removal ................... 6

        B. Removal of the Case is Improper Due to Lack of Complete Diversity ............ 6

        C. The Ninth Circuit's Precedent Does Not Support "Snap Removal" Based On
           The Forum-Defendant Rule. ........................................................................ 7

        C. Plaintiff Has Asserted Viable Claims Against the California Defendants ........ 8

                i.      The California Defendants are liable for the Fifth Cause of Action
                        for FEHA Harassment/Hostile Work Environment ........................ 8

                ii.     The California Defendants are liable for the Seventh Cause of
                        Action for Intentional Infliction of Emotional Distress ............... 10

                iii.    The California Defendants are liable for the Eighth Cause of Action
                        for Negligent Infliction of Emotional Distress ............................ 11

        D. The Standard For Fraudulent Joinder Is Extremely High. ............................ 12

V.      PLAINTIFF SHOULD BE AWARDED ATTORNEYS FEES PURSUANT TO 28
        U.S.C. § 1447(c) ............................................................................................... 14

VI.     CONCLUSION ................................................................................................. 14

**ELDESSOUKY LAW, APC**
**Phone: (213) 788-7887 | Fax: (213) 788-1920**

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Abrego v. Dow Chemical Co.,*
    443 F.3d 676 (9th Cir. 2006)................................................................... 6

*Boyer v. Snap-on Tools Corp.,*
    913 F.2d 108 (3d Cir. 1990) ................................................................... 12

*Brooks v. City of San Mateo,*
    229 F.3d 917 (9th Cir. 2000)................................................................... 8

*Cervantez v. Bexar County Civil Service Comm'n,*
    99 F.3d 730, 734 (5th Cir. 1996)........................................................ 6, 10

*Circle Industries USA, Inc. v. Parke Const. Group, Inc.,*
    183 F.3d 105 (2nd Cir. 1999) ................................................................. 14

*Clarence E. Morris, Inc. v. Vitek,*
    412 F.2d 1174 (9th Cir. 1969)................................................................. 7

*Dead Kennedys v. Biafra,*
    46 F. Supp. 1028 (1999) ......................................................................... 14

*Diaz v. Allstate Ins. Group,*
    185 F.R.D. 581 (C.D. Cal. 1998) ........................................................... 12

*Fletcher v. Western National Life, Ins. Co.,*
    10 Cal.App.3d 376 (1970)....................................................................... 10

*Flores v. ABM Industry Groups, LLC,*
    No. 8:18-CV-01483-JLS-KES, 2018 WL 6428026 (C.D. Cal. Dec. 7, 2018)............. 12, 13

*Gaus v. Miles, Inc.,*
    980 F. 2d 564 (1992) ............................................................................... 6

*Good v. Prudential,*
    4 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ............................................... 13

*Gotro v. R&B Realty Group,*
    69 F. 3d 1485 (1995) .............................................................................. 14

*Grancare, LLC v. Thrower,*
    2016 WL 1082780*5 (N.D. Cal. 2016).................................................... 13

*Hamilton Materials, Inc. v. Dow Chem. Co.,*
    494 F. 3d 1203 (9th Cir. 2007)........................................................... 12, 13

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

*Harris v. Forklift Sys., Inc.*
    510 U.S. 17 (1993) ............................................................................................ 8

*Hornby v. Integrated Project Mgmt., Inc.*,
    No. C 14-04331 LB, 2014 WL 7275179 (N.D. Cal. Dec. 22, 2014) ................................. 12

*Janken v. GM Hughes Electronics*,
    46 Cal.App.4th 55 (1996) ............................................................................... 10

*Kruso v. International Telephone & Telegraph Corp.*,
    872 F.2d 1416 (9th Cir. 1989)) ......................................................................... 12

*Lewis v. Time, Inc.*,
    83 F.R.D. 455, 466 (E.D. Cal. 1979), aff'd, 710 F.2d 549 (9th Cir. 1983) ..................... 12

*Lieberman v. Meshkin, Mazandarani*,
    C-96-3344 SI, 1996 WL 732506 (N.D. Cal. Dec. 11, 1996) ....................................... 11

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132, 136 (2005) ............................................................................... 14

*Meritor Sav. Bank, FSB v. Vinson*,
    477 U.S. 57(1986) ......................................................................................... 8

*Moore v. Permanent Medical Group, Inc.*,
    981 F. 2d 443 (9th Cir. 1992) .......................................................................... 14

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061 (9th Cir. 2001) ......................................................................... 12

*Nasrawi v. Buck Consultants, LLC*,
    776 F. Supp. 2d 1166 (E.D. Cal. 2011) ............................................................... 12

*Newby v. Alto Riviera Apartments*,
    60 Cal.App.3d 288, (1976) ............................................................................. 10

*Okun v. Superior Court*,
    49 Cal. 3d 442 (1981) ................................................................................... 13

*Osorio v. Wells Fargo Bank*,
    No. C 12-02645 RS, 2012 WL 2054997 (N.D. Cal. June 5, 2012) .............................. 12

*Padilla v. AT&T Corp.*,
    697 F. Supp. 2d 1156 (C.D. Cal. 2009) .............................................................. 13

*Pullman Co. v. Jenkins*,
    305 U.S. 534 (1939) ................................................................................... 7, 8

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND

*Preaseau v. Prudential* Ins. Co.,
    591 F.2d 74 (9th Cir. 1979) ........................................................................ 7, 8

*Rhodes v. Barnett*,
    692 F. App'x 834 (9th Cir. 2017) ............................................................... 7, 8

*Ritchey v. Upjohn Drug Co.*,
    139 F.3d 1313 (9th Cir. 1998) ................................................................. 12, 13

*Trerice v. Blue Cross of Cal.*,
    209 Cal.App.3d 878 (1989) .......................................................................... 10

*Vincent v. First Republic Bank, Inc.*,
    2010 WL 1980223 (N.D. Cal. 2010) ........................................................... 13

*Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*,
    2005 WL1513130 (N.D. Cal. 2005). ........................................................... 14

<u>Statutes</u>

28 U.S.C. § 1332(a) ......................................................................................... 6,7,8

28 U.S.C. § 1441(b) ) ..................................................................................... 6, 7, 8

28 U.S.C. § 1447(c) ) .......................................................................................... 14

Cal. Gov't Code § 12940 et seq. ) ....................................................................... 8

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

**ELDESSOUKY LAW, APC**
**Phone: (213) 788-7887 | Fax: (213) 788-1920**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant Bakersfield Rehabilitation Hospital, LLC ("BRH") removed this action based on purported diversity jurisdiction under 28 U.S.C. § 1332. In doing so, BRH ignores the operative Complaint's allegations, taken as true at the pleading stage, that individually named defendants Jake Socha and Lori Ambrose (the "California defendants") are citizens and residents of California. The Notice of Removal does not dispute these allegations and offers no competent evidence negating their California citizenship. Instead, BRH improperly proceeds as though the citizenship of Socha and Ambrose may simply be disregarded.

During the parties' meet-and-confer, BRH asserted that removal was proper under a "snap removal" theory based on the forum defendant rule, and Socha and Ambrose were allegedly added "without any possibility of liability under settled law," vaguely characterizing them as nominal defendants. (Declaration of AnaKaren Jimenez ("Jimenez Decl.") ¶ 10, Ex. 3.) These arguments are unsupported by the law and the pleadings.

Remand is required for multiple independent reasons. First, Socha and Ambrose are properly joined defendants whose California citizenship destroys complete diversity. It is well settled that complete diversity is required and that the removing defendant bears the burden of establishing federal jurisdiction. Because Plaintiff has properly joined two California defendants, diversity jurisdiction does not exist.

Second, under controlling Ninth Circuit precedent, diversity is determined by the citizenship of the parties named in the complaint, not by whether they have been served. BRH's reliance on service-based arguments is therefore legally irrelevant.

Third, the Complaint alleges that Socha and Ambrose personally participated in and directed the discriminatory, retaliatory, and hostile conduct at issue, including stripping Plaintiff of his management role, obstructing and dismissing his requests for reasonable accommodation and protected medical leave, and terminating his employment while he remained on approved medical leave. These allegations establish independent, non-derivative liability under California law for

1  Plaintiff's fifth cause of action for hostile work environment, seventh cause of action for IIED, and

2  eighth cause of action for NIED.

3     Finally, to the extent BRH's vague references to "nominal" defendants are intended to invoke

4  fraudulent joinder, that theory fails. Fraudulent joinder carries a heavy burden, requiring a showing

5  that there is no possibility of stating a valid claim against the non-diverse defendants. BRH makes no

6  such showing here. Moreover, fraudulent joinder was not asserted in the Notice of Removal and is

7  therefore waived.

8     BRH has failed to overcome the strong presumption against removal, and this Court lacks

9  subject-matter jurisdiction. Accordingly, remand to the Kern County Superior Court is required.

10  **II.    STATEMENT OF RELEVANT FACTS**

11     Defendants Bakersfield Rehabilitation Hospital, LLC, Ernest Health, Inc., and Ernest Health

12  ES, LLC dba Central California Rehabilitation Hospital hired Plaintiff Michael James Simmien on or

13  about May 24, 2021, as a Clinical Liaison, directly hired by then-CEO Randy Dodd. (Compl. ¶¶ 22.)

14  Throughout his employment, Plaintiff maintained a spotless employment record and consistently

15  received above-average performance evaluations. (Compl. ¶ 26.)

16     On or about October 1, 2021, Plaintiff was promoted to Respiratory Services Manager,

17  reporting directly to Defendants' chief executive officers, including Dodd, Mozghan Hinds, and later

18  Dave Cox. (Compl. ¶ 24.) In early 2023, Defendant Jake Socha assumed the role of President and/or

19  CEO for Defendants. (Compl. ¶ 25.)

20     On or about January 24, 2024, Plaintiff suffered a serious back injury while moving a bariatric

21  patient in the course of his employment. (Compl. ¶ 26.) Despite significant pain, Plaintiff continued

22  working for approximately two and a half weeks, hoping the injury would resolve. (Compl. ¶ 26.) On

23  or about February 16, 2024, Plaintiff reported his injury to Defendant Lori Ambrose, Defendants' HR

24  Director, and requested guidance regarding treatment and next steps. (Compl. ¶ 27.)

25     Soon after Plaintiff disclosed his injury, Defendants, acting through Socha, Ambrose, and other

26  managing agents, changed Plaintiff's job title to "Lead Therapist," reassigned his reporting structure,

27  excluded him from management meetings, and stripped him of management authority, while requiring

28  him to continue performing the same duties; effectively a demotion. (Compl. ¶¶ 28.)

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

On or about February 20, 2024, Plaintiff was evaluated by Kaiser Occupational Health and placed on medical restrictions limiting his ability to perform physically strenuous tasks. (Compl. ¶ 30.) Kaiser advised Plaintiff that his medical report and work restrictions would be transmitted to Defendants the same day. (*Id.*) When Plaintiff followed up with Ambrose on February 26 and February 29, 2024, Ambrose claimed she had not received the report and appeared unaware of Plaintiff's need for accommodation, asking Plaintiff "what [he] want[ed]." (Compl. ¶¶ 31.-32)

In March 2024, Plaintiff's medical condition worsened due to both his back injury and his history of prostate cancer, for which he underwent prostate removal surgery in 2014. (Compl. ¶ 35.) Plaintiff experienced incontinence, physical weakness, and difficulty climbing stairs. (Id.) On or about March 19, 2024, Plaintiff's primary care physician placed him off work beginning March 25, 2024 through June 25, 2024, due to a recurrence of malignant prostate cancer. (Compl. ¶ 36.)

Plaintiff promptly informed Ambrose of his need for medical leave. (Compl. ¶ 37.) Ambrose and Defendant Socha were already aware of Plaintiff's cancer diagnosis, as Plaintiff had disclosed it to Defendants' leadership and HR as early as 2022 and 2023. (Compl. ¶¶ 37.) On or about March 25, 2024, Plaintiff submitted completed FMLA and CFRA paperwork to Ambrose. (Compl. ¶ 38.)

On or about June 25, 2024, Plaintiff's physician extended his medical leave through December 31, 2024, and Plaintiff immediately notified Ambrose. (Compl. ¶ 39.) Ambrose provided Plaintiff with ADA accommodation paperwork on or about July 1, 2024, which Plaintiff completed and returned by July 12, 2024. (Compl. ¶¶ 40.)

Despite Plaintiff's compliance and ongoing medical documentation, on or about July 29, 2024, Ambrose contacted Plaintiff and demanded that he come into the office that same day. (Compl. ¶ 41.) Plaintiff informed Ambrose that he was attending a medical appointment and could not comply. (*Id.*) Later that same day, Ambrose informed Plaintiff that his employment was terminated effective immediately and that his medical insurance would be cancelled that day, while Plaintiff remained on approved medical leave. (Compl. ¶ 41.)

Defendants' conduct toward Plaintiff, as described above, was extreme and outrageous, particularly given Defendants' knowledge of Plaintiff's serious medical conditions and vulnerability. (Compl. ¶¶ 122-131.) Defendants acted intentionally or with reckless disregard of the probability that

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

1   Plaintiff would suffer severe emotional distress. (Compl. ¶ 121.) As a result of Defendants' actions,

2   Plaintiff has suffered significant emotional, physical, and economic harm, including anxiety,

3   humiliation, mental anguish, and loss of income and benefits. (Compl. ¶¶ 113-114, 126-127, 140-141,

4   153-154)

5   **III.    PROCEDURAL HISTORY**

6       On September 22, 2025, Plaintiff filed a complaint in the Superior Court of California,

7   County of Kern against Defendants, Bakersfield Rehabilitation Hospital, LLC; Ernest Health, Inc.;

8   Ernest Health ES, LLC dba Central California Rehabilitation Hospital; Jake Socha; Lori Ambrose;

9   and Does 1 through 25, case No. BCV-25-103465. (Jimenez Decl. ¶ 3.)The Complaint asserts nine

10  causes of action: (1) disability discrimination in violation of FEHA; (2) failure to accommodate; (3)

11  failure to engage in the interactive process; (4) retaliation under FEHA; (5) hostile work environment;

12  (6) retaliation under the California Family Rights Act ("CFRA"); (7) intentional infliction of emotional

13  distress ("IIED"); (8) negligent infliction of emotional distress ("NIED"); and (9) wrongful

14  termination in violation of public policy. Individual defendants Jake Socha and Lori Ambrose are

15  expressly alleged to be personally liable for Plaintiff's fifth cause of action for hostile work

16  environment, seventh cause of action for IIED, and eighth cause of action for NIED. (Jimenez Decl. ¶

17  4.)

18      On October 29, 2025, Ernest Health, Inc., Ernest Health ES, LLC dba Central California

19  Rehabilitation Hospital, and BRH were personally served. (Jimenez Decl., ¶ 5.) On December 1, 2025,

20  BRH removed this action from California state court to this Court. (Jimenez Decl., ¶ 6.) To date,

21  defendants Lori Ambrose and Jake Socha have neither filed a responsive pleading nor joined in the

22  removal. (Jimenez Decl., ¶ 7.)

23      BRH's Notice of Removal asserts diversity jurisdiction on the grounds that Plaintiff is a citizen

24  of California, BRH is allegedly a citizen of Delaware and New York, and the amount in controversy

25  exceeds $75,000. (*See* Notice of Removal.)

26      **A. Meet and Confer Efforts**

27      On December 23, 2025, Plaintiff's Counsel attempted to meet and confer with defense counsel

28  Nicholas McKinney regarding BRH's improper removal by telephone. (Jimenez Decl., ¶ 8, Exhibit

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

1.) Plaintiff's Counsel placed a call and, when no one answered, left a voicemail. Plaintiff's Counsel then followed up by email requesting a call. (*Id*.) After receiving Mr. McKinney's out-of-office message, Plaintiff's Counsel redirected the request to BRH's other counsel of record, Joy Rosenquist, and inquired whether she was available for a call. (*Id*.)

On December 23, 2025, Plaintiff's counsel attempted to meet and confer with defense counsel regarding BRH's improper removal. Plaintiff's counsel placed a telephone call, left a voicemail when no response was received, and followed up by email requesting a call. (*Id*.) Nearly a week later, defense counsel responded, stating availability on December 29 or 30 at 1:00 p.m. or 3:00 p.m. (*Id*.) Plaintiff's counsel attempted to call at both proposed times, but defense counsel did not answer. (*Id*.)

Nearly one week later, on December 29, 2025, Ms. Rosenquist responded and stated that she was available to confer on December 29 or 30 at 12:00 p.m. or 3:00 p.m. (Jimenez Decl., ¶ 9, Exhibit 2.) On December 29, 2025, Plaintiff's Counsel placed a call at 12:30 p.m., but received no answer. Plaintiff's Counsel followed up by email advising that counsel would try again at 3:00 p.m. (*Id*.) When Plaintiff's Counsel called at 3:00 p.m., counsel again reached voicemail. (*Id*.) Plaintiff's Counsel followed up by email asking whether the parties could still speak by phone. (*Id*.) Ms. Rosenquist replied requesting that Plaintiff's Counsel relay the meet-and-confer issues in writing by email instead. (*Id*.)

The next morning, Plaintiff's Counsel emailed Ms. Rosenquist explaining that Defendants' removal was improper because complete diversity of citizenship was lacking, and requested that Defendants stipulate to remand the case to state court. (Jimenez Decl., ¶ 10, Exhibit 3.)  Plaintiff's Counsel also provided counsel's direct telephone number and offered to discuss the issue by phone that day. (*Id*.) After receiving no response, Plaintiff's Counsel sent a follow-up email later that evening. (*Id*.) Ms. Rosenquist responded by asserting that removal was proper under a "snap removal" theory based on the forum defendant rule and defendants Socha and Ambrose were allegedly added "without any possibility of liability under settled law," vaguely characterizing them as nominal defendants. (*Id*.)

Notably, none of these assertions appear in BRH's Notice of Removal.

///

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

IV.    **ARGUMENT**

   **A. BRH Must Overcome A "Strong Presumption" Against Removal.**

It is well established that there is a strong presumption against removal jurisdiction, and the Defendant always has the burden of establishing that removal is proper. (*Abrego v. Dow Chemical Co.* (9th Cir. 2006) 443 F.3d 676, 685.) Removal jurisdiction is statutorily and strictly construed. (*Id.* at 685.) Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. (*See Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566.)

As the Ninth Circuit has repeatedly observed, defendants have the burden of overcoming a "strong presumption" against removal jurisdiction and the district court should reject jurisdiction "if there is any doubt as to the right of removal in the first instance." (*Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (1992).) Why? Because if the district court's decision is wrong – if there was no federal jurisdiction in the first instance – the federal court's judgment can be challenged and set aside on appeal, resulting in a waste of judicial resources and, of course, years of costly and time-consuming litigation. (See, e.g., *Cervantez v. Bexar County Civil Service Comm'n*, 99 F. 3d 730, 734 (5th Cir. 1996)(removal challenged on appeal and case remanded.))

   **B. Removal of the Case is Improper Due to Lack of Complete Diversity.**

A civil action may be removed based on diversity jurisdiction only where complete diversity exists between all plaintiffs and all defendants and none of the properly joined and served defendants is a citizen of the forum state. (28 U.S.C. §§ 1332(a), 1441(b).) The removing defendant bears the burden of establishing these requirements, and any doubts must be resolved in favor of remand.

In its Notice of Removal, Defendant BRH asserts that diversity jurisdiction exists because Plaintiff is a citizen of California, while BRH claims to be a citizen of Delaware and New York based on the citizenship of its alleged upstream corporate owners. BRH further argues that removal is proper by disregarding the citizenship of other named defendants, including individual defendants, on the theory that only BRH's citizenship is relevant to the diversity analysis.

That argument misstates the law and fails to establish complete diversity.

First, complete diversity requires that no plaintiff share citizenship with any defendant, not merely the removing defendant. The Complaint names individual defendants, including Lori Ambrose

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

and Jake Socha, who are alleged to have acted as supervisors and managing agents during Plaintiff's employment. These defendants are properly joined, were sued for their own conduct, and are not alleged in the Notice of Removal to be fraudulently joined or sham defendants. Their citizenship therefore must be considered for purposes of diversity jurisdiction.

Second, BRH does not contend, let alone establish, that the individual defendants are not citizens of California. Instead, BRH's Notice of Removal simply omits any meaningful analysis of their citizenship and proceeds as though it may rely exclusively on BRH's alleged out-of-state citizenship. That approach is legally insufficient. Where a properly joined defendant is a citizen of the forum state, removal under § 1441(b) is barred, and where any defendant shares citizenship with the plaintiff, diversity under § 1332 is destroyed.

Third, BRH's attempt to meet its burden through declarations submitted with the Notice of Removal only underscores the deficiency. The declaration relied upon to establish citizenship, identified in the removal papers as relating to Defendant Lori Ambrose, is, in fact, a declaration from John Greenleaf, alleged general counsel for Ernest Health, an entity that is not the removing party and whose declaration does not establish the citizenship of the individual defendants named in the Complaint. (See Declaration of Lori Ambrose ISO Removal.) As a result, BRH has failed to submit competent evidence establishing complete diversity among the parties.

### C. The Ninth Circuit's Precedent Does Not Support "Snap Removal" Based On The Forum-Defendant Rule.

Defendant BRH argues that Socha and Ambrose's shared California citizenship can be disregarded because they had not been served at the time of removal. Binding precedent forecloses that position. The Ninth Circuit has long held that "the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." (*Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969). Consistent with that rule, the Ninth Circuit has reiterated that unserved defendants must still be considered when determining whether complete diversity exists. (*Rhodes v. Barnett*, 692 F. App'x 834, 835–36 (9th Cir. 2017) ("[U]nserved parties must be considered in determining whether there is complete diversity. Thus, whether [the resident defendant] was served does not impact the jurisdictional analysis.")) (internal citation omitted).

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

1    More fundamentally, even if "snap removal" is permitted in some circumstances, it cannot override

2    the core requirement of complete diversity under 28 U.S.C. § 1332. The presence of even a single non-

3    diverse, properly joined defendant defeats diversity jurisdiction, regardless of service. (*Pullman Co.*

4    *v. Jenkins*, 305 U.S. 534, 540–41 (1939); *Preaseau v. Prudential* Ins. Co., 591 F.2d 74, 77 (9th Cir.

5    1979); *Rhodes*, 692 F. App'x at 835.) As such, removal is improper.

6    **C. Plaintiff Has Asserted Viable Claims Against the California Defendants**

7    Under California law, both Socha and Ambrose may be held individually liable for claims of

8    harassment under the FEHA. (California Government Code §§ 12940 et seq.) They may also be held

9    liable under tort law for claims of IIED and NIED.

10    **i.    The California Defendants are liable for the Fifth Cause of Action for FEHA**

11    **Harassment/Hostile Work Environment**

12    A "Hostile environment" harassment occurs where conduct interferes with an employee's work

13    performance or creates an intimidating, hostile, or offensive working environment. (*Meritor Sav.*

14    *Bank, FSB v. Vinson* (1986) 477 U.S. 57.) In assessing whether an environment is hostile, courts

15    consider the totality of the circumstances, including the effect of the conduct on the employee's

16    psychological well-being and whether the employee subjectively perceived the environment as

17    abusive. (*Harris v. Forklift Sys., Inc.* (1993) 510 U.S. 17, 22; *Brooks v. City of San Mateo* (9th Cir.

18    2000) 229 F.3d 917, 926.)

19    As alleged in the operative Complaint, Plaintiff disclosed a serious back injury sustained on or

20    about January 24, 2024, and thereafter requested guidance regarding treatment and workplace

21    accommodations. (Compl. ¶¶ 26–27.) Shortly after this disclosure, Defendants created and maintained

22    a hostile, intimidating, and oppressive work environment because of Plaintiff's disabilities and

23    medical conditions. (Compl. ¶¶ 28–45.)

24    Specifically, the Complaint alleges that within days of Plaintiff's injury disclosure, Defendants

25    effectively demoted Plaintiff, changed his job title, altered his reporting structure, and excluded him

26    from management meetings. (Compl. ¶¶ 27–33.) At the same time, Defendant Lori Ambrose, acting

27    as Defendants' HR Director, dismissed or ignored Plaintiff's documented medical restrictions, claimed

28    she had not received Kaiser's work restriction report despite Plaintiff being advised it would be

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

1    transmitted, and responded to Plaintiff's accommodation request by asking "what [he] want[ed]."

2    (Compl. ¶¶ 32–38; 92.)

3         The Complaint further alleges that Defendants delayed meaningful assistance, offered only

4    vague and nonresponsive alternatives such as having Plaintiff "come in and do audits," and required

5    Plaintiff to navigate conflicting directives despite his physical restrictions and worsening medical

6    condition related to his history of prostate cancer. (Compl. ¶¶ 39–41; 93.) Plaintiff alleges that this

7    conduct occurred while Defendants were aware of his serious medical conditions, including a

8    recurrence of malignant neoplasm of the prostate that ultimately required medical leave. (Compl. ¶¶

9    25–45.)

10        Taken together, these allegations describe a pattern of demotion, exclusion, dismissive

11   responses, and obstruction that was sufficiently severe or pervasive to alter the conditions of Plaintiff's

12   employment and create an objectively hostile work environment. (Compl. ¶¶ 32–41.) Plaintiff alleges

13   that he subjectively experienced this environment as hostile and abusive, suffered emotional distress

14   and loss of professional standing, and that the harassment was a substantial factor in causing his harm.

15   (Compl. ¶¶ 19–21, 92–93.)

16        With respect to Lori Ambrose, the Complaint alleges direct participation in the hostile conduct

17   through her handling of Plaintiff's injury report, medical restrictions, accommodation requests, and

18   communications that dismissed or minimized Plaintiff's needs. (Compl. ¶¶ 31, 35–39, 50–51.) These

19   allegations are sufficient to establish Ambrose's individual liability for harassment under FEHA.

20        With respect to Jake Socha, the Complaint alleges that he served as Defendants' President

21   and/or Chief Executive Officer and further alleges that he is liable as an alter ego, successor, and/or

22   joint employer of the corporate defendants. (Compl. ¶¶ 8, 10–12, 28.) The Complaint alleges that

23   Defendants, including Socha, are jointly and severally liable for the acts and omissions giving rise to

24   Plaintiff's hostile work environment. (Compl. ¶¶ 13–15, 94.)

25        Accordingly, the operative Complaint adequately pleads a hostile work environment claim

26   against both Ambrose and Socha, based on conduct that interfered with Plaintiff's employment,

27   created an intimidating and abusive work environment, and caused Plaintiff substantial harm. (Compl.

28   ¶¶ 91–94.)

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

ii.   **The California Defendants are liable for the Seventh Cause of Action for Intentional Infliction of Emotional Distress**

To state IIED, Plaintiff must allege: (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of the probability of causing, emotional distress; (3) severe emotional distress; and (4) causation. (*Cervantez v. J.C. Penney Co.* (1979) 24 Cal.3d 579, 593; *Trerice v. Blue Cross of Cal.* (1989) 209 Cal.App.3d 878, 883.) Conduct is outrageous when it exceeds all bounds tolerated in a civilized society. (*Trerice*, supra, 209 Cal.App.3d at 883.) Harassment-type conduct is the kind of "avoidable and unnecessary" conduct that supports liability. (*Janken v. GM Hughes Elecs.* (1996) 46 Cal.App.4th 55, 64.)

The Complaint alleges extreme and outrageous conduct specifically tethered to Defendants' knowledge of Plaintiff's medical vulnerability and the manner in which Plaintiff was treated after disclosure and leave documentation.

Defendants knew of Plaintiff's serious medical conditions (including cancer history and later recurrence), yet after his injury disclosure and documented restrictions/leave, Defendants stripped him of management status, obstructed/dismissed accommodation efforts, and terminated him while he remained on medically-supported leave. (Compl. ¶¶ 25- 41; 122-123.) It further alleges that Ambrose terminated Plaintiff and cancelled his medical insurance coverage the same day. (Compl. ¶ 41.) These pleaded facts support the inference that Defendants acted with at least reckless disregard of the probability of causing emotional distress, especially given the alleged contemporaneous medical need and leave status.

Plaintiff suffered severe emotional distress, including anxiety, humiliation, and mental anguish, and seeks general damages on that basis. (Compl. ¶¶ 124.) Emotional distress of this kind is actionable. (See *Newby v. Alto Riviera Apts.* (1976) 60 Cal.App.3d 288, 298; *Fletcher v. Western Nat'l Life Ins.* Co. (1970) 10 Cal.App.3d 376, 397.)

Ambrose is directly tied to the termination/insurance cancellation and accommodation communications alleged to be outrageous. As to Socha, the Complaint alleges he is an individually named defendant and the CEO, and separately pleads alter ego allegations sufficient at this stage to keep him in the case and to support liability for the wrongs alleged. (Compl. ¶¶ 8, 10–12.)

### iii.    The California Defendants are liable for the Eighth Cause of Action for Negligent Infliction of Emotional Distress

Defendants owed Plaintiff a duty to act reasonably in managing his workplace injury, serious medical conditions, and protected requests for leave and accommodation. As Plaintiff's employer and HR decision-makers, Defendants exercised authority over Plaintiff's employment, medical leave, and continued access to health insurance, and therefore owed him a duty of reasonable care under the circumstances.

The Complaint alleges that Defendants were fully aware of Plaintiff's medical vulnerability, including his history of prostate cancer, a recurrence diagnosed in March 2024, and a serious back injury that caused physical limitations and incontinence. (Compl. ¶¶ 136-137.) Plaintiff repeatedly kept Defendants, particularly HR Director Ambrose, informed of his medical condition, work restrictions, and physician-certified need for leave, including documentation extending his leave through December 31, 2024. (Compl. ¶¶ 27–39.)

Despite this knowledge, Defendants failed to exercise reasonable care. They stripped Plaintiff of authority, delayed or dismissed his accommodation requests, failed to meaningfully respond to his documented restrictions, and forced him to navigate conflicting directives while medically compromised. (Compl. ¶¶ 25-41.) Most egregiously, while Plaintiff remained on physician-ordered leave and had urgent, ongoing medical needs, Defendants terminated his employment and cancelled his medical insurance effective immediately, despite knowing his leave was approved through the end of 2024. (Compl. ¶¶ 41; 137.)

Where, as here, a defendant has authority over another and knows that the individual is particularly susceptible to emotional distress due to serious medical conditions, conduct that might otherwise appear administrative becomes unreasonable and foreseeably harmful. (*Agarwal v. Johnson* (1979) 25 Cal.3d 932, 946.) Defendants knew, or reasonably should have known, that terminating Plaintiff and cutting off his health insurance under these circumstances would likely result in severe emotional distress.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered humiliation, anxiety, and mental anguish. (Compl. ¶¶ 138; 140-141.) These allegations are sufficient to state a

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

claim for negligent infliction of emotional distress against Defendants, including Ambrose, who directly handled Plaintiff's medical and employment matters, and Socha, who is alleged to be individually liable under pleaded alter ego and joint-employer theories.

### D. The Standard For Fraudulent Joinder Is Extremely High.

To the extent that Defendant BRH is now, for the first time, claiming fraudulent joinder, that argument is without merit for the reasons stated above. Moreover, there is  a presumption against fraudulent joinder, and a defendant who asserts it "carr[ies] [a] heavy burden of persuasion." (*Lieberman v. Meshkin, Mazandarani*, C-96-3344 SI, 1996 WL 732506, at *2 (N.D. Cal. Dec. 11, 1996) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).) "Indeed, [a defendant] must show to 'a near certainty' that joinder was fraudulent and that 'plaintiff has no actual intention to prosecute an action against [that] particular resident defendant[]." (*Osorio v. Wells Fargo Bank*, No. C 12-02645 RS, 2012 WL 2054997, at *2 (N.D. Cal. June 5, 2012) (quoting *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (emphasis in original) (citing *Boyer*, 913 F.2d at 111)); see also *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), aff'd, 710 F.2d 549 (9th Cir. 1983).)

"In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." (*Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169- 70 (E.D. Cal. 2011) (citing *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).) The Court's assessment of "disputed questions of fact" may look to the factual record beyond the pleadings. (*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1339 (9th Cir. 1998) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.").) Additionally, all disputed questions of fact (must be resolved) in plaintiff's favor.  (*Hornby v. Integrated Project Mgmt., Inc.*, No. C 14-04331 LB, 2014 WL 7275179, at *5 [(N.D. Cal. Dec. 22, 2014) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)].)

Plaintiff's evidentiary burden is low, however; "[t]he Court will not entertain what amounts to a motion for summary judgment guised as a question of removability." (*Flores v. ABM Industry*

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

1  *Groups, LLC*, No. 8:18-CV-01483-JLS-KES, 2018 WL 6428026, at *3 (C.D. Cal. Dec. 7, 2018).)

2  Rather, the plaintiff need only show that there are some facts—even if disputed—that support a

3  conceivable legal theory of liability against the non-diverse defendant. (*Id.*; *Ritchey,* 139 F.3d at 1318

4  (noting the key inquiry is "whether the plaintiff truly ha[s] a cause of action against the alleged sham

5  defendants . . . [and not] an inquiry as to whether those defendants could propound defenses to an

6  otherwise valid cause of action").)

7          BRH's sole basis for removing this case is diversity jurisdiction. Plaintiff contends that his

8  Complaint sufficiently demonstrates that Defendants Jake Socha and Lori Ambrose may be liable for

9  at least one of his claims.

10         Should the Court find the current allegations lacking sufficient factual details, Plaintiff is

11 prepared to amend the Complaint to provide further details. As numerous decisions have noted, as

12 long as there is a "non-fanciful possibility that plaintiff can state a claim under [state] law against the

13 non-diverse defendant [,] the court must remand." (*Good v. Prudential*, 4 F. Supp. 2d 804, 807 (N.D.

14 Cal. 1998).)  It is Defendants' burden to produce "clear and convincing evidence" of improper joinder.

15 (*Hamilton Materials, Inc. v. Dow Chem. Co.,* 494 F. 3d 1203, 1206 (9th Cir. 2007).)  In other words,

16 unless this Court is confident that a state court would sustain a demurrer to Plaintiff's claims against

17 Defendants Socha and Ambrose **and would deny Plaintiff's leave to amend that claim**, this case

18 must be remanded.  Of course, under California law, it is error to deny leave to amend where a claim

19 can be stated. (*Okun v. Superior Court*, 49 Cal. 3d 442 (1981)(en banc)(reversing dismissal of slander

20 claim where repleading would correct error on its face).) The federal court cannot sit in judgement on

21 the adequacy of Plaintiff's pleadings, nor can it apply federal court pleading standards to Plaintiff's

22 complaint. (See, e.g., *Padilla v. AT&T Corp.,* 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)(remand

23 granted where defendant failed to show that plaintiff would <u>not</u> be granted leave to amend to cure

24 alleged pleading deficiency). [1]

25  _____

26 [1]As Judge Alsup observed, the standard for establishing a sham defendant is distinct (and much higher) than
   applied in 12(b)(6) motions.  As long as there is a "glimmer of hope" that Plaintiff can plead a claim against

27 Eaton and O'Riordan, remand is required.  See, e.g., *Grancare, LLC v. Thrower*, 2016 WL 1082780*5 (N.D.

28 Cal. 2016)(Alsup); see also *Vincent v. First Republic Bank, Inc.*, 2010 WL 1980223 (N.D. Cal. 2010)

**ELDESSOUKY LAW, APC**
**Phone: (213) 788-7887 | Fax: (213) 788-1920**

1  | **V.      PLAINTIFF SHOULD BE AWARDED ATTORNEYS FEES PURSUANT TO 28**

2  | **U.S.C. § 1447(c)**

3  | On granting a motion for remand, the court may order the defendant to pay plaintiff its "just

4  | costs and any actual expenses, including attorney fees, incurred as a result of the removal." (28 *U.S.C.*

5  | §1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).)  The statutory purpose is to

6  | deter the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly.

7  | (*Circle Industries USA, Inc. v. Parke Const. Group, Inc.*, 183 F. 3d 105, 109 (2nd Cir. 1999).)

8  | In determining whether to award legal fees, no finding of bad faith is necessary.  (*Gotro v.*

9  | *R&B Realty* Group, 69 F. 3d 1485, 1487 (1995); *Moore v. Permanent Medical Group, Inc.*, 981 F. 2d

10 | 443, 446 (9th Cir. 1992); *Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2005 WL1513130 (N.D.

11 | Cal. 2005).)  As a matter of public policy, the party forced to bring a motion to remand an improperly

12 | removed case generally should be fully reimbursed for its costs in remanding the case whether the

13 | removal was in bad faith or otherwise.  The court's award of fees is not a punitive award against the

14 | defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the

15 | defendants inflicted.  (*Dead Kennedys v. Biafra*, 46 F. Supp. 1028, 1030 (1999); *Vedatech*, supra.)

16 | BRH's removal was unreasonable given the allegations set forth in the Complaint, which

17 | establishes that Defendants Socha and Ambrose are properly named Defendants and as such no

18 | diversity jurisdiction exists. Nevertheless, Defendants refused to remand the case, necessitating the

19 | filing of this motion and also having to oppose an improper motion to dismiss.

20 | Plaintiff's Counsel has spent over nine (9) hours in pursuit of this matter, including meeting

21 | and conferring with defense counsel, reviewing Defendants' Notice of Removal and supporting

22 | exhibits, researching the applicable law, and preparing this Motion to Remand. (Jimenez Decl., ¶ 11.)

23 | Plaintiff's Counsel also anticipates spending additional time preparing a reply in support of the motion.

24 | (*Id*.) As such based on her hourly rate of $450, Plaintiff respectfully request attorneys' fees in the

25 | amount of $4,050. (Jimenez Decl., ¶ 12.)

26 | **VI.     CONCLUSION**

27 | This case should be remanded to state court.  BRH is unable to produce clear and convincing

28 | evidence that Plaintiff cannot sufficiently plead claims against Defendants Socha and Ambrose for:

hostile work environment, intentional infliction of emotional distress, and negligent infliction of emotional distress.  For all of the foregoing reasons, Plaintiff requests that the motion be granted, and that the case be remanded to Kern County Superior Court.

Moreover, Plaintiff also requests that the Court should award attorney fees in the amount of $4,050 due to the unjustified refusal to remand the case to state court and forcing the filing of this motion.

DATED: December 31, 2025                **ELDESSOUKY LAW, APC**

By: _/s/AnaKaren Jimenez_
Mohamed Eldessouky
AnaKaren Jimenez
Attorneys for Plaintiff
**MICHAEL JAMES SIMMIEN**

ELDESSOUKY LAW, APC
Phone: (213) 788-7887 | Fax: (213) 788-1920

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 500 S. Grand Ave., Suite 1500, Los Angeles, CA 90071

On November 12, 2024, I served the foregoing document, described as **PLAINTIFF MICHAEL JAMES SIMMIEN'S NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; AND REQUEST FOR ATTORNEY'S FEES IN THE AMOUNT OF $4,050.00** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

Nicholas W. Mckinney, Esq.
NMckinney@littler.com
Joy Rosenquist, Esq.
Jrosenquist@littler.com
**ADAMS, DUERK & KAMENSTEIN LLP**
445 S. Figueroa St., Ste. 2300
Los Angeles, CA 90071

cc: Sophia Chopi Masada – smasada@littler.com

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am a member of the bar of this Court.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on December 31, 2025, at Los Angeles, California.

Rommel Ramos

**ELDESSOUKY LAW, APC**
Phone: (213) 788-7887 | Fax: (213) 788-1920